UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY WARD,
          Plaintiff,

v.
                                       Case No: 6:16-cv-2076-Orl-28GJK

CITY OF HOLLY HILL, FLORIDA,
          Defendant.

## ORDER

Gary Ward brings this action against his former employer, the City of Holly Hill, alleging a single count for violation of procedural due process in connection with the termination of his employment as a city police officer. (Compl., Doc. 2). The City moves to dismiss. (Mot., Doc. 5). As set forth below, the motion is granted but Ward will be afforded an opportunity to file an amended complaint.

### I. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters

judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

II. Discussion

A. "No direct cause of action under the Fourteenth Amendment"

The City first argues that Ward "has failed to state a claim as there is no direct cause of action under the Fourteenth Amendment" and "has failed to cite or refer to [42 U.S.C.] § 1983 in any capacity." (Doc. 5 at 2–3). Ward mentions this argument in his response, (see Doc. 13 at 2), but he does not specifically argue against it. Nevertheless, this argument is devoid of merit and must be rejected.

As the Supreme Court clarified in 2014, plaintiffs are not required "to invoke 42 U.S.C. § 1983 in their complaint." Johnson v. City of Shelby, 135 S. Ct. 346, 346 (2014). In Johnson, the Court reversed the Fifth Circuit's affirmance of a district court's dismissal—based on "failure to invoke 42 U.S.C. § 1983"—of a complaint alleging due process violations under the Fourteenth Amendment. The Court noted that federal pleading rules require "'a short and plain statement of the claim showing that the pleader is entitled to relief'" but "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." Id. (quoting Fed. R. Civ. P. 8(a)(2)). The Court made clear that "no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." Id. at 347.

Thus, the City's contention that Ward was required to "invoke § 1983" to state a viable constitutional claim is without merit. Dismissal of Ward's claim is not warranted on this basis.

B. Procedural Due Process

Ward alleges in the Complaint that he was hired by the City as a police officer on

June 2, 2013, and was terminated on October 10, 2013, "without any opportunity to respond to the allegations against him." (Compl. ¶¶ 6 & 8). He asserts that his right to procedural due process under the Fourteenth Amendment of the U.S. Constitution was violated because he was not afforded a grievance procedure as required by "Section 12 of the City of Holly Hill Personnel Rules and Regulations." (Id. ¶ 17). The City argues that Ward fails to state a procedural due process claim because he had no property right in his employment.

"'A § 1983 action alleging a procedural due process clause violation [consists of] three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process.'" Doe v. Florida Bar, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). Ward alleges state action and constitutionally inadequate process, but it is unclear from his filings what type of constitutionally-protected interest he is asserting as a basis for his procedural due process claim.

Ward alleges that "as a United States citizen [he] is afforded the constitutionally protected right to procedural due process with respect to any grievance process related to his public employment," (Compl. ¶ 14), and he then cites Section 12 of the City's Personnel Rules and Regulations, (id. ¶¶ 15 & 17). The City has attached excerpts of its Personnel Rules and Regulations to its motion to dismiss; those excerpts, which do not include section 12, tend to show that Ward—who was employed by the City for less than five months—was a probationary employee and therefore was not entitled to the benefit of the grievance policy. (Doc. 5-1 at 4). The City suggests in its motion that Ward may have intended to cite Article 12 of the Agreement between the Coastal Florida Police Benevolent Association and the City rather than Article 12 of the City's Personnel Policies and

3

Procedures, (see Mot. at 6 n.3), but the City asserts that even that Article 12 does not afford Ward a property interest in his employment, (id. at 6).

In his response memorandum, Ward quotes a case regarding "reputational damage" as a "deprivation of liberty" and quotes the same case regarding "deprivation of a protected interest." (Doc. 13 at 3 (quoting Cotton v. Jackson, 216 F.3d 1328, 1330–31 (11th Cir. 2000)). He does not, however, specify whether he is asserting a liberty or property interest, nor does he address whether he is still relying on Article 12 of the Personnel Policies and Procedures or on another source of any such interest.

As explained in Doe, Ward must allege a protected liberty or property interest in order to have a potentially actionable procedural due process claim. Based on Ward's filings, the Court cannot discern the basis of Ward's claim, and the Complaint must therefore be dismissed. However, Ward will be afforded an opportunity to replead his claim to identify the nature of the protected interest he is asserting, the source of that interest, and a factual basis for this and other elements of a procedural due process claim.

## III. Conclusion

In accordance with the foregoing, it is **ORDERED** that:

1. The City's Motion to Dismiss (Doc. 5) is **GRANTED**.

2. The Complaint (Doc. 2) is **DISMISSED without prejudice**.

3. Ward may file an Amended Complaint **on or before Friday, April 28, 2017, if he can state a viable cause of action**.

**DONE** and **ORDERED** in Orlando, Florida, on April \_11\_, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

4